IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

| | | |
|---|---|---|
| HERSCHEL and MONA ZARECOR; | * | |
| HERSCHEL ZARECOR IRA; | * | |
| MONA ZARECOR IRA; | * | |
| HERSCHEL ZARECOR III IRA; and | * | |
| HERSCHEL ZARECOR III | * | |
| | * | NO:  4:10CV01643 SWW |
| Petitioners | * | |
| | * | |
| V. | * | |
| | * | |
| MORGAN KEEGAN & COMPANY, | * | |
| INC. | * | |
| | * | |
| Respondent | * | |

**ORDER**

Petitioners Herschel Zarecor, Mona Zarecor, and Herschel Zarecor III commenced this action seeking confirmation of an arbitration award rendered by a Financial Industry Regulatory Authority ("FINRA") arbitration panel ("the Panel"), and Respondent Morgan Keegan & Company, Inc. ("Morgan Keegan") counterclaimed to vacate the award.  By order and judgment entered July 20, 2011, the Court denied confirmation and vacated the award.

Now before the Court is Petitioners' motion for reconsideration pursuant to Rule 59(e) of the Federal Rules of Civil Procedure (docket entries #27, #28), Morgan Keegan's response in opposition (docket entry #29), Petitioners' reply (docket entry #30), Morgan Keegan's sur-reply (docket entry #34), and Petitioners' response to the sur-reply (docket entry #35).  After careful consideration, and for reasons that follow, the motion for reconsideration will be denied.

**I**.

Morgan Keegan is a member of FINRA, an organization that regulates member securities firms doing business in the United States. Upon joining FINRA, a member organization agrees to comply with FINRA Rules. *See* FINRA By-laws art. IV, § 1. Pursuant to Rule 12200 of the FINRA Code of Arbitration Procedure for Customer Disputes, a FINRA member must arbitrate a dispute under the Code if:

> • Arbitration under the Code is either:
>
>> (1) Required by a written agreement, or
>> (2) Requested by the customer;
>
> • The dispute is between a customer and a member or associated person of a member; and
>
> • The dispute arises in connection with the business activities of the member or the associated person, except disputes involving the insurance business activities of a member that is also an insurance company.

FINRA Code Arb. P. Customer Disp. R. 12200.

In July 2009, Petitioners instituted an arbitration proceeding against Morgan Keegan by filing a statement of claim ("SOC") with FINRA.[1] In answer to the SOC, Morgan Keegan asserted, among other things that "[s]ome or all of [Petitioners'] claims . . . are not arbitrable under the FINRA Rules or any arbitration agreement" and that Petitioners did not qualify as customers of Morgan Keegan. Docket entry #13, Ex. B. Morgan Keegan also filed a motion to dismiss under Rule 12504(a)(6)(B) of the FINRA Code of Arbitration Procedure for Customer Disputes (docket entry #13, Ex. C), which the Panel denied (docket entry #13, Ex. F).

---

[1] Background facts regarding the underlying dispute are set forth in the Court's order entered July 20, 2011 and will not be repeated here.

On October 27, 2010, after a hearing, the Panel issued an award in Petitioners' favor, ordering Morgan Keegan to pay a total $541,000 in compensatory damages. On November 12, 2010, Petitioners commenced this action seeking confirmation of the award, and Morgan Keegan filed a timely answer and counterclaim to vacate the award.

In support of its counterclaim for vacatur, Morgan Keegan argued that the Panel lacked jurisdiction over Petitioners' claims because Morgan Keegan "did not enter into a written agreement to arbitrate disputes with the Petitioners and . . . the Petitioner were never customers of Morgan Keegan."  Docket entry #13, at 2.   In a reply brief, Petitioners did not dispute the absence of a written agreement to arbitrate.  Instead, Petitioners asserted: "Under FINRA Rules, customers are entitled to arbitrate without a written arbitration agreement."  Docket entry #14, at 7.  Petitioners also argued that, by participating in the arbitration proceedings, Morgan Keegan waived any right to contest arbitrability.

The Court rejected Petitioners' waiver argument, finding that Morgan Keegan repeatedly objected to the Panel's jurisdiction, thereby preserving the argument that underlying dispute is not subject to FINRA arbitration.   Additionally, the Court found that Petitioners do not qualify as customers of Morgan Keegan, and the Panel lacked authority to decide Petitioners' claims.

Petitioners now seek reconsideration, reporting for the first time that Respondent signed a FINRA submission agreement.  Under FINRA Rule 13000, "The FINRA Submission Agreement is a document that parties must sign at the outset of an arbitration in which they agree to submit to arbitration under the Code." FINRA Code Arb. P. Customer Disp. R. 13000.  Petitioners provide a copy of a submission agreement, signed by house counsel for Morgan Keegan on

August 17, 2009,[2] which reads as follows:

> 1. The undersigned parties ("parties") hereby submit the present matter in controversy, as set forth in the attached statement of claim, answers, and all related cross claims, counterclaims and/or third-party claims which may be asserted, to arbitration in accordance with the FINRA By-Laws, Rules, and Code of Arbitration Procedure.
>
> 2. The parties hereby state that they or their representative(s) have read the procedures and rules of FINRA relating to arbitration, and the parties agree to be bound by these procedures and rules.
>
> 3. The parties agree that in the event a hearing is necessary, such hearing shall be held at a time and place as may be designated by the Director of Arbitration or the arbitrator(s). The parties further agree and understand that the arbitration will be conducted in accordance with the FINRA Code of Arbitration Procedure.
>
> 4. The parties agree to abide by and perform any award(s) rendered pursuant to this Submission Agreement. The parties further agree that a judgment and any interest due thereon, may be entered upon such award(s) and, for these purposes, the parties hereby voluntarily consent to submit to the jurisdiction of any court of competent jurisdiction which may properly enter such judgment.
>
> 5. The parties hereto have signed and acknowledged the foregoing Submission Agreement.

Docket entry #28, Ex. A.   Petitioners now assert that the submission agreement is a binding contract to arbitrate, which gave the Panel jurisdiction to determine arbitrability.   Additionally, Petitioners now argue that Morgan Keegan submitted the issue of arbitrability to the Panel, and the Panel's decision on the issue is entitled to substantial deference.

## II.

Rule 59(e) of the Federal Rules of Civil Procedure permits a district court to correct its own mistakes in the time period immediately following entry of judgment. *Innovative Home*

---

[2] Morgan Keegan presents evidence that, although counsel signed the agreement on August 17, 2009, it submitted the submission agreement to FINRA on November 10, 2009, five days after it filed an answer contesting arbitrability.  *See* docket entry #29, Ex. #1 (Clouatre Dec.); docket entry #13, Ex. B (Answer dated Nov. 5, 2009).

*Health Care, Inc. v. P.T.-O.T. Assocs.*, 141 F.3d 1284, 1286 (8th Cir. 1998). The limited function of Rule 59(e) motions is to correct manifest errors of law or fact or present newly discovered evidence. *Id.*

Petitioners contend that the Court "overlooked the material fact" that there was a signed submission agreement. According to Petitioners, they simply "failed to highlight" that Morgan Keegan signed a submission agreement, and evidence of the agreement "has been part of the record all along." The Court disagrees. Before the Court entered judgment in this case, the only reference to a submission agreement appeared in a copy of the arbitration award attached to the complaint. A single entry in the "case information" section of the award reads: "Respondent signed the Submission Agreement: August 17, 2009." Compl., Ex. A, at 1. Neither party referenced the foregoing entry or mentioned the term "submission agreement" in numerous briefs filed before entry of judgment. Considering the legal arguments presented before judgment, the Court's failure to notice a single, cryptic reference to a submission agreement does not amount to a manifest error of law or fact.

Rule 59(e) "cannot be used to introduce new evidence, tender new legal theories, or raise arguments which could have been offered or raised prior to entry of judgment." *Innovative Home Health Care, Inc. v. P.T.-O.T. Assocs.*, 141 F.3d 1284, 1286 (8th Cir. 1998)(citation omitted).[3] In this case, evidence that Morgan Keegan signed a submission agreement was

---

[3] To prevail on a Rule 59(e) motion on the ground of newly discovered evidence, the movant must show that (1) the evidence was discovered after trial; (2) the movant exercised due diligence to discover the evidence before the end of trial; (3) the evidence is material and not merely cumulative or impeaching; and (4) a new trial considering the evidence would probably produce a different result. *See United States v. Metropolitan St. Louis Sewer Dist.*, 440 F.3d 930, 933, 440 F.3d 930 (8th Cir. 2006). *See U.S. Xpress Enter. Inc. v. J.B. Hunt Transp., Inc.*, 320 F.3d 809, 815 (8th Cir.2003) (discussing factors one must show to prevail under Rule 60(b)(2), which are the same under Rule 59(e)).

available to Petitioners before the Court entered judgment in this case, and Petitioners could have offered evidence of the agreement and raised an argument regarding the impact of the agreement prior to entry of judgment.  Instead, Petitioners steadfastly argued that they qualified as Morgan Keegan customers entitled to demand arbitration under FINRA Rule 12200, and they failed to oppose Morgan Keegan's repeated assertion that the parties never entered an arbitration agreement.

Petitioners make the additional, new argument that Morgan Keegan submitted the issue of arbitrability to the Panel and that the Panel's decision on arbitrability is entitled to substantial deference.  Unless parties clearly and unmistakably agreed otherwise, the determination of whether parties have agreed to resolve a dispute through arbitration is a question for the Court.  *See Howsam v. Dean Witter Reynolds, Inc.*, 537 U.S. 79, 83, 123 S. Ct. 588, 591 (2002)(quoting *AT & T Technologies, Inc. v. Communications Workers*, 475 U.S. 643, 649, 106 S. Ct. 1415 (1986)).  If the parties agreed to submit the question of arbitrability to the arbitrator, a court should defer to the arbitrator's arbitrability decision.  *First Options of Chicago, Inc. v. Kaplan,* 514 U.S. 938, 943, 115 S. Ct. 1920, 1924 (1995).  "If, on the other hand, the parties did not agree to submit the arbitrability question itself to arbitration, then the court should decide that question just as it would decide any other question that the parties did not submit to arbitration, namely, independently."  *Id*.  Petitioners' current argument is in stark contrast to their pre-judgment position that Morgan Keegan waived the right to contest arbitrability and failed to contest arbitrability before the Panel.  Based on the evidence and briefs before the Court prior to entry of judgment, the Court found that the parties did not agree to resolve the underlying dispute through

arbitration, and Petitioners failed to advance an argument, before now, that the parties agreed to submit the question of arbitrability to the Panel.

### III.

After careful consideration, the Court finds that Petitioners are not entitled to relief under Rule 59(e). Accordingly, the motion for reconsideration (docket entry #27 ) is DENIED. It is further ordered that Respondent's motion to supplement the record (docket entry # 36) is DENIED AS MOOT.

IT IS SO ORDERED THIS 10TH DAY OF NOVEMBER, 2011.

/s/Susan Webber Wright
UNITED STATES DISTRICT JUDGE